# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **JAWAAN CHEVALIER  #561624** | **CIVIL ACTION NO. 5:12-cv-2954** |
| **VS.** | **JUDGE TOM STAGG** |
| **DAVID WADE CORRECTIONAL CENTER SECURITY** | **MAGISTRATE JUDGE MARK HORNSBY** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Jawaan Chevalier, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 15, 2012.  Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the David Wade Corrections Center and he complains that sometime in July 2012 he was attacked by another inmate. He further complained that the attack was instigated and approved by an unnamed corrections officer.  Plaintiff sued the "David Wade Correctional Center Security" praying for compensatory damages and his transfer to another facility.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §§636, 1915, and 1915A. For the following reasons it is recommended that he complaint be **DISMISSED** with prejudice as frivolous, and pursuant to the provisions of FRCP Rule 41(b).

### *Statement of the Case*

Plaintiff filed his original complaint on November 15, 2012. [Doc. 1] On December 7, 2012 his motion to proceed *in forma pauperis* [Doc. 4] was granted. [Doc. 6] On November 8, 2013 he was notified that the only defendant identified in his pleading – "Security David Wade Correctional" – was not a juridical person. Plaintiff was thereafter directed to amend his complaint to identify a

proper defendant or defendants on or before December 9, 2013. Plaintiff has failed to respond to the directive.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

*2. Juridical Entity*

Plaintiff was previously instructed that the "Security David Wade Correctional" is not a juridical entity capable of being sued. [Doc. 7] He was instructed to amend his complaint to name a proper defendant, however, he has not done so. As previously noted, Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether an entity such as a corrections facility or a department within the facility has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. Plaintiff has not identified a proper defendant and

therefore his complaint should be dismissed as frivolous.

### 3. Rule 41(b)

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). The undersigned evaluated the original complaint pursuant to 28 U.S.C. §§1915 and 1915A and directed petitioner to amend and provide the information needed to further evaluate plaintiff's claims. Plaintiff disregarded that order and his failure to respond also warrants dismissal of the complaint.[1]

### *Recommendation*

Therefore,

---

[1] Dismissal at this time may result in the complete forfeiture of plaintiff's claims should he desire at some later date to pursue them. Nevertheless, even if the statute of limitations might bar petitioner from re-filing the instant suit, then dismissal at this juncture would still be appropriate even if it ultimately "deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As previously noted, plaintiff's sole defendant is not an entity capable of being sued. He was instructed to amend his complaint to identify an appropriate defendant; however, he has failed to do so within the time limitation provided. Further, he has not otherwise requested an extension of the time needed to amend and has not contacted the Court sine he submitted his motion to proceed *in forma pauperis* in December 2012.

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §§1915 and 1915A, and in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Shreveport, Louisiana, this 6th day of January, 2014.

Mark L. Hornsby
U.S. Magistrate Judge